996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sabil M. MUJAHID, Plaintiff-Appellant,
v.
George SUMNER, et. al., Defendant-Appellee.
 No. 92-17082.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaii state prisoner Sabil Mujahid appeals pro se the district court's summary judgment for prison officials in Mujahid's 42 U.S.C. § 1983 action, alleging that prison officials violated his civil rights by preventing him from corresponding directly with members of the news media. The district court found that the prison rule prohibiting prisoners from corresponding directly with the news media was unconstitutional but that the prison officials were entitled to qualified immunity because the prisoners did not have a clearly established right to do so. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any issues of material fact and whether the district court correctly applied the substantive law. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 * Qualified Immunity
 
 
 5
 Mujahid contends that the district court erred by granting the defendants summary judgment on grounds of qualified immunity. This contention lacks merit.
 
 
 6
 Prison officials are entitled to qualified immunity unless their conduct "violates clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order to determine whether an official is entitled to qualified immunity, a court must (1) identify the right allegedly violated, (2) determine whether the right was "clearly established," and (3) determine whether a reasonable official would have believed his or her conduct to be lawful. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991).
 
 
 7
 Here, pursuant to Department of Corrections policy 493.15.02(9), Halawa Correctional Facility policy 2.15.02(5), and Rules 17-203-11(g)(4) and (i), Mujahid was permitted to send letters to the news media in general and not to a specific individual. In addition, he could communicate with the press only if he had a bonafide relationship with the news media person prior to confinement.
 
 
 8
 The prison officials contend that it was reasonable for them to believe that the rules were not designed to suppress expression because other channels of expression were allowed since Mujahid was free to write letters to the media in general. They contend further, that it was reasonable to believe that the restriction was protecting a government interest because the rule was designed to prevent inmates from using their contacts with the media to undermine the authority of the prison.
 
 
 9
 Our review of the record indicates that it was reasonable for the defendants to believe that their conduct was lawful, and that Mujahid did not have a clearly established right to correspond with specific members of the news media. See Romero, 931 F.2d at 627. Accordingly, the district court did not err by granting the defendants summary judgment on qualified immunity grounds. See id.
 
 II
 Equal Protection
 
 10
 Mujahid also contends that his equal protection rights under the Fourteenth Amendment were violated because other inmates were permitted to write to media members and he was not allowed to. This contention lacks merit.
 
 
 11
 In order to maintain an equal protection claim, a plaintiff must show that he was singled out for undesirable treatment on an impermissible basis. Badea v. Cox, 931 F.2d 573, 577 (9th Cir.1991). Here, there is no indication in the record that the administrative rules imposed by the Halawa Correctional Facility were administered against Mujahid in a discriminatory manner. See id. Accordingly, the district court did not err by finding that Mujahid's equal protection rights were not violated. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3